1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

8

**DISTRICT OF NEVADA**

9
10

CAROL SIERZEGA,                                    )
                                                   )
11                       Plaintiff(s),             )          Case No. 2:13-cv-01267-JCM-NJK
                                                   )
12  vs.                                            )
                                                   )          ORDER DENYING SECOND
13  COUNTRY PREFERRED                              )          PROPOSED DISCOVERY PLAN
    INSURANCE COMPANY, et al.,                     )
14                                                 )          (Docket No. 15)
                                                   )
15                       Defendant(s).             )
    ───────────────────────────────────────────── )
16

17          Pending before the Court is the Second Proposed Discovery Plan and Scheduling Order,

18  Docket No. 15, which is hereby **DENIED**.  The Court denied the first discovery plan submitted

19  because, *inter alia*, it misstated Local Rule 26-4 with respect to the timing requirements for

20  requesting extensions.  *See* Docket No. 13.  The resubmitted discovery plan continues to misstate

21  Local Rule 26-4, by indicating that requests to extend deadlines must be filed 21 days before the

22  discovery cut-off.  *See* Docket No. 15 at 3.  But Local Rule 26-4 requires requests for extensions to

23  be filed no later than 21 days before the expiration of the subject deadline sought to be extended.

24  For example, any request to extend the deadline for initial expert disclosures must be filed at least 21

25  days before the expiration of that deadline.  Such a request filed only 21 days before the discovery

26  cut-off would be untimely.  Accordingly, the pending discovery plan is **DENIED** and the parties

27  shall submit a revised discovery plan that correctly states Local Rule 26-4 no later than August 23,

28  2013.

The Court further notes that the amended discovery plan was due no later than August 19, 2013. *See* Docket No. 13. The parties failed to comply with that Court order. Instead, they indicate that they were unable to meet that deadline due to "scheduling conflicts." Docket No. 15 at 1. Where parties are unable to meet court-ordered deadlines, the proper course of conduct is to request an extension *prior* to the court-ordered deadline. *See, e.g.*, Local Rule 6-1(b). The Court fails to discern any reason why the parties were unable to request an extension prior to deadline set by the Court, which ordinarily is cause for denying a late-filed request for an extension. *See, e.g.*, *id.* (requiring a showing of excusable neglect for requests for extensions filed after deadline passes). In the future, the Court expects the parties to strictly comply with the Local Rules.

IT IS SO ORDERED.

DATED: August 21, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge