UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CAROL SIERZEGA, ) <br> ) <br> Plaintiff(s), ) <br> ) <br> vs. ) <br> ) <br> COUNTRY PREFERRED INS. CO., et al., ) <br> ) <br> Defendant(s). ) <br> _____ ) | Case No. 2:13-cv-01267-JCM-NJK <br><br> ORDER REQUIRING ATTORNEYS DAVID FELDMAN, RUSTY GRAF, AND THOMAS CHRISTENSEN TO READ THE LOCAL RULES TO THE EXTENT THEY ARE UNFAMILIAR WITH PRACTICE IN THIS COURT |

It is a simple task to comply with the Local Rules governing submission of a proposed discovery plan. The Local Rules clearly articulate a set of deadlines that are deemed presumptively reasonable, and establish the procedures for requesting deadlines different from the typical deadlines. *See* Local Rule 26-1. The task of submitting a proper discovery plan is further simplified when the Court has expended its resources providing guidance to parties who have submitted an improper discovery plan and ordering them to submit a new discovery plan. Notwithstanding the clarity of the Local Rules and guidance provided by the Court in two orders, counsel in this case has failed to submit a proper discovery plan despite three attempts to do so.

The Court denied the first proposed discovery plan because it sought a discovery period beyond the presumptively-reasonable period without a sufficient explanation why additional time was needed in this case. Docket No. 13. The Court also explained how the presumptively-reasonable discovery period should be calculated. *Id.* ("The presumptive discovery period is 180 days from the date the first defendant answers or appears"). The Court further denied the first

proposed discovery plan because it misstated Local Rule 26-4 as it relates to the timing requirements for seeking extensions to discovery deadlines. *Id.*

The parties then submitted a second discovery plan. That second proposed discovery plan sought a discovery period of 180 days from the date of Defendant's answer. *See* Docket No. 15 at 2. While the discovery plan was in compliance with the Local Rules on the length of the discovery period, it continued to misstate Local Rule 26-4. *Id.* at 3. As such, the Court denied the second proposed discovery plan so that the parties could correctly state the timing requirements for seeking extensions. *See* Docket No. 16.[1]

The parties have now submitted a third proposed discovery plan. *See* Docket No. 17. The third discovery plan correctly states the timing requirements for extensions provided for in Local Rule 26-4. *See id.* at 3. Inexplicably, however, the third proposed discovery plan changed the deadlines from those provided in the second proposed discovery plan and seeks to afford the parties additional time to conduct discovery. *See id.* at 2. As noted above, the Court had already expressly ruled that the presumptively-reasonable discovery period was 180 days from the date the Defendant answers or appears, and that any request for an additional period had to be supported by sufficient explanation. *See* Docket No. 13. In contrast, the third proposed discovery plan seeks a discovery period of 180 days "<u>measured from the parties' Discovery Conference</u>," which results in a discovery period beyond that outlined in Local Rule 26-1(e). *See* Docket No. 17 at 2. No explanation is given why a longer period is needed. The discovery plan also incorrectly asserts that it "**IS SUBMITTED IN COMPLIANCE WITH LR 26-1(e)**." *Id.* at 1 (emphasis in original).

"Just as an attorney who always practices in state court is expected to know the rules of administration and operation particular to that court, we expect an attorney practicing law in federal court to become familiar with and follow rules applicable to practice in this court." *Dela Rosa v. Scottsdale Mem. Health Sys., Inc.*, 136 F.3d 1241, 1244 (9th Cir. 1998). Given counsels' three

---

[1] The Court also cautioned counsel for failing to file the second proposed discovery plan by the court-ordered deadline. Docket No. 16 at 2. The Court stated that it expects strict compliance with the Local Rules. *Id.*

failed attempts at submitting a discovery plan that complies with the simple requirements outlined in the Local Rules (and further explained in the Court's orders), it appears that counsel is not sufficiently familiar with practice in this Court. In such circumstances, the Court may require counsel to undertake the steps to prepare themselves to practice in this Court. *See, e.g.*, *Cabrera v. New Albertson's, Inc.*, 2013 U.S. Dist. Lexis 101497, *7 n.5 (D. Nev. July 19, 2013) (citing *4 Exotic Dancers v. Spearmint Rhino*, 2009 U.S. Dist. Lexis 9841, *1 n.1 (C.D. Cal. Jan. 29, 2009) and *Kwok v. Reconstrust Co., N.A.*, 2010 U.S. Dist. Lexis 128063, *5-6 (D. Nev. Nov. 19, 2010)). Accordingly, the Court hereby **ORDERS** attorneys David Feldman, Rusty Graf and Thomas Christensen to read the Local Rules of Practice for the United States District Court for the District of Nevada to the extent they are unfamiliar with them.

The Court also again cautions counsel that the Court expects strict compliance with the Federal Rules of Civil Procedure, Local Rules and Court orders. This order provides counsel an opportunity to familiarize themselves with practice in this Court before the Court orders sanctions against them. In the future, however, the Court **CAUTIONS** counsel that failure to abide by the rules and/or orders may result in significant sanctions against counsel and/or the parties, up to and including case-terminating sanctions and monetary sanctions. In light of the numerous warnings provided and this opportunity to become familiar with practice in this Court, counsel and the parties should anticipate that future violations of Court rules or orders will result in significant sanctions.

IT IS SO ORDERED.

DATED: August 22, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge