# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CAROL SIERZEGA,

        Plaintiff(s),

v.

COUNTRY PREFERRED INS. CO., et al.,

        Defendant(s).

2:13-CV-1267 JCM (NJK)

## ORDER

Presently before the court is plaintiff Carol Sierzega's motion to remand to state court. (Doc. #10). Defendant Country Preferred Insurance Company et al ("Country") filed a response. (Doc. #11). Plaintiff replied. (Doc. #14).

This case concerns an insurance coverage dispute. The complaint alleges that plaintiff was injured following an automobile collision with an underinsured motorist on September 1, 2009. (Doc. #10, Exh. 1, compl. at ¶ 7). At the time of the accident plaintiff carried an automobile insurance policy with defendant containing underinsured motorist ("UIM") benefits with limits of $50,000. (*Id.* at ¶ 6).

Plaintiff claims as a result of this accident she suffered spinal injuries totaling more than $500,000. (*Id.* at ¶ 10). Plaintiff made a policy demand upon defendant. Defendant paid $50,000 policy limits to plaintiff in September 2012, over three years after the accident. Plaintiff alleges

**James C. Mahan**
**U.S. District Judge**

1  defendant breached the duty of good faith and fair dealing in delaying the remittance of the
2  underinsured motorist benefits, and filed this action in state court

3  Defendant removed this action to this court pursuant to 28 U.S.C. § 1332. Plaintiff seeks an
4  order remanding this action to Nevada state court. Plaintiff's motion to remand was made within
5  30 days after the filing of the notice of removal challenging removal procedure.

6  Plaintiff contends that defendant's removal was not timely filed. Pursuant to 28 U.S.C. §
7  1446:

8  [T]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting
9  forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed
10  in court and is not required to be served on the defendant, whichever period is shorter.

11  28 U.S.C. § 1446(b).

12  The Supreme Court has held that the 30 day statutory period begins to run on the date a
13  defendant is served with the complaint, not before. *Murry Bros. v. Michetti Pipe Stringing*, 526 U.S.
14  344, 347-48 (1999). There are exceptions to this rule but these exceptions only serve to extend the
15  time a defendant has for removal, they do not shorten it. *Id.* at 354. "Mere receipt of the complaint
16  unattended by any formal service" is not sufficient to trigger the defendant's time to remove. *Id.* at
17  348.

18  In a letter dated May 2, 2013, plaintiff sent to defendant, via U.S. Mail, a file-stamped copy
19  of the complaint filed in state court. (Doc. #10, Exh. 2, letter dated May 2, 2013). The summons
20  and complaint were served on defendant on June 20, 2013. (Doc. #10, Exh. 3, proof of service).
21  Defendant petitioned for removal on July 18, 2013, 28 days after formal service of the complaint.
22  (Doc. #1).

23  Plaintiff wishes to rely on the dissent in *Murry* to prove her case for remand, however this
24  court is bound by the majority's holding. As such, the court finds that defendant's petition for
25  removal was timely filed and there is not sufficient basis to grant plaintiff's motion for remand.

26
27
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Carol Sierzega's motion to remand to state court (Doc. #10), be, and the same hereby is, DENIED.

DATED September 5, 2013.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -